OPINION OF THE COURT
Harold Enten, J.
This written decision follows an oral decision rendered on the record on May 5, 1993.
*982 The District Attorney has moved, pursuant to CPL 160.55, for a court order directing that the records referred to in CPL 160.55 not be automatically sealed in this case for a period of 18 months. This is to prevent the return of such records to the defendant, as is the normal course when a defendant is found guilty of a noncriminal offense.
The defendant was charged with violating Vehicle and Traffic Law § 511 (1), aggravated unlicensed operation of a motor vehicle in the third degree, a traffic infraction. At arraignment, defendant pleaded guilty to such charge and was sentenced to 10 days in jail.
The District Attorney immediately filed the instant motion to preclude the sealing of records in this case and the return of fingerprints to defendant. The basis for such motion is defendant’s 52 prior license suspensions for failure to respond to 326 traffic summonses defendant has received since August 1992. The District Attorney alleges that defendant "has the highest outstanding number of suspensions of any resident of New York City.” The District Attorney also argues that the automatic sealing provisions of CPL 160.55 would allow this defendant to avoid possible prosecution for a misdemeanor offense of aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [i]) should he be arrested again for the same offense within 18 months.
When a person is convicted for a noncriminal offense, CPL 160.55 provides that any fingerprints or photographs are returned to defendant and defendant’s record becomes a "clean slate.” Therefore, if defendant is arrested again, this offense would not show up on his "rap sheet.” This allows defendant to avoid being charged with the misdemeanor offense under Vehicle and Traffic Law § 511 (2). This section provides that a person charged with the offense of aggravated unlicensed operation of a motor vehicle, who has previously been convicted of the same offense within the immediately preceding 18 months, shall be subject to a misdemeanor offense and not a traffic infraction, as is the case in a first arrest for such crime. By sealing the fingerprint records of defendant in this case, he will not be subject to this second offense status.
Defendant’s response to the motion raises several points. The first one is that the statute only provides for a six-month period of unsealing, not the 18 months requested by the *983 District Attorney. The court sees no such time restriction in CPL 160.55; therefore, this argument is without merit. The reason for the 18-month period request is that it coincides with the time period provided for in Vehicle and Traffic Law § 511 (2) (i) for charging a person with a misdemeanor offense instead of a traffic infraction for a second offense. Defendant also argues that the District Attorney is attempting to carve out a judicial exception in CPL 160.55 other than the Vehicle and Traffic Law § 1192 exception already provided for. He argues that to do so would usurp the power of the Legislature, and that, if the Legislature had intended to make an exception for Vehicle and Traffic Law § 511 cases, it would have done so. The court finds that the Legislature carved out the Vehicle and Traffic Law exception to prevent a situation where a person escapes the enhanced penalty associated with the commission of a second Vehicle and Traffic Law § 1192 offense. The Legislature obviously attempted to avoid a situation where a person benefits from a sealing statute by erasing any fingerprint record of a previous offense. The court feels that the Legislature specifically excepted Vehicle and Traffic Law § 1192 from the sealing statute because it was aware of the enhanced offense status associated with a second offense. However, the Legislature also provided for any other exception it may not have been aware of by inserting an "interests of justice” exception. The situation presented in this case certainly qualifies under this exception, as it is analogous to the Vehicle and Traffic Law § 1192 situation where a second offense subjects a person to a higher degree crime. Therefore, the court feels that it is not making a judicial exception in this case but rather finding an interests of justice exception justified by the facts presented by the District Attorney.
Defendant further contends that the affidavit of the District Attorney submitted with his motion is based upon hearsay; that is, upon information and belief and statements of an individual from the Division of Criminal Justice Services. The court finds the District Attorney’s assertions sufficient to support the motion. The District Attorney, as an officer of the court, states facts in his affidavit based upon information he received regarding the defendant’s driving record history. While defendant urges the court to disregard this information based on hearsay, he does not offer any information of his own to refute the record presented. If defendant’s driving record was so dramatically different from the one presented, the court is confident that evidence of a "clean” record would *984 have been presented in response to the District Attorney’s allegations.
The interests of justice warrant keeping the pertinent records here unsealed for the requested time period, given the defendant’s poor driving record. The court feels that the public interest in ensuring that our roads are safe from unlicensed drivers far outweighs any injustice which may result to this defendant. Indeed, the idea of a potential misdemeanor charge may prove a deterrent to this defendant from driving without a license. The apparent large numbers of unlicensed motorists in New York City has prompted the police department to change their policy regarding arrest of unlicensed motorists. A motorist who is stopped and has two or more suspensions will now be brought before a Criminal Court Judge instead of merely being issued a desk appearance ticket (DAT). (See, New York Daily News, May 4, 1993, at 36, col 2.) The police department is also urging the Legislature to make driving without a license a misdemeanor instead of a violation.
In conclusion, the court finds that the District Attorney has presented sufficient evidence, not refuted by the defendant, to warrant, in the interests of justice, staying the sealing requirement in CPL 160.55 for a period of 18 months from April 29, 1993. Such order was signed by this court on May 5, 1993.